OPINION
{¶ 1} Robert G. Blomquist established a campaign committee named "Committee to Elect Blomquist" to handle campaign contributions and expenditures for his campaign to be elected mayor of North Olmsted, Ohio. He named himself as treasurer of the committee.
 {¶ 2} Blomquist was successful in winning the election, but was not successful in his job as his own campaign treasurer. He failed to file finance reports and disclosure *Page 2 
forms required by statute. He failed to file such forms in 1997, 1998, 1999, 2000, 2001, 2002, 2003, and 2004. Finally in 2005, he filed a form to terminate the committee.
 {¶ 3} The Cuyahoga County Board of Elections repeatedly referred the failures of the Committee to Elect Blomquist and Robert Blomquist to the Ohio Elections Commission. The Ohio Elections Commission in turn opened cases charging Blomquist and his committee with campaign finance law violations. See R.C. 3517.10, 3517.11 and 3517.13. Blomquist and his committee were adjudicated as violating campaign finance laws in 1998, 1999, 2000, 2001, 2002, 2003, and 2005. After each adjudication, Blomquist and his committee were notified of the finding of the Ohio Elections Commission and the fines associated.
 {¶ 4} Blomquist apparently did not take the proceedings seriously until his various fines, which accrued daily penalties of over $170,000, were referred to the Ohio Attorney General for collection. He paid $44,200 — a little over one-quarter of the fine owed and requested a hearing before the Ohio Elections Commission in hopes of having his fines reconsidered. He openly acknowledged that he failed to abide by the campaign finance laws for many years. He attributed his failures to abide by the campaign finance laws to "inattention to detail and procrastination and not addressing the correspondence and being noncommunicative." (Record, Tr. 13.)
 {¶ 5} The Ohio Elections Commission adopted a resolution forgiving the rest of Blomquist's fines which had been imposed in accordance with R.C. 3517.992 and 3517.993 which set forth the maximum allowed per diem fines for every day Blomquist was late in filing his reports. After the reduction of the fines, Blomquist hired counsel, who then filed an administrative appeal of the action of the Ohio Elections Commission under *Page 3 
R.C. 119.12. No appeal had been filed from the individual adjudications in 1998, 1999, 2000, 2001, 2002, 2003, and 2005.
 {¶ 6} A judge from the Franklin County Court of Common Pleas reviewed the appeal of the order reducing the fines and decided that Blomquist's payment of $44,200 was excessive. The judge ordered the fine reduced to a total of $2,000. In all other respects, the court found that the decision of the Ohio Elections Commission was supported by reliable, probative, and substantial evidence, and was in accordance with law.
 {¶ 7} The Ohio Elections Commission has appealed the action of the common pleas court, assigning three errors for our consideration:
 [I.] The trial court erred in finding as excessive the fine imposed by the Ohio Elections Commission against Robert G. Blomquist and the Committee to Elect Blomquist.
 [II.] The trial court erred in reducing the fine imposed by the Ohio Elections Commission to $2000.00 (two thousand dollars).
 [III.] The trial court erred in denying the Ohio Election Commission's motion to dismiss for lack of subject matter jurisdiction.
 {¶ 8} We address the first two assignments of error together.
 {¶ 9} The trial court, sitting as an appellate court on the R.C 119.12
appeal, heavily based its reduction of the fine upon the trial court's understanding of how a series of cases involving a central Ohio politician were handled. The facts of these cases were not in evidence, so the trial court judge had no evidentiary basis for making such a comparison. See Doctor v. Doctor (Feb. 4, 2000), Greene App. No. 99-CA-51 (judgment based in part upon extraneous evidence necessitated reversal). What was in evidence *Page 4 
was the fact that Robert Blomquist repeatedly failed to comply with applicable campaign finance laws, repeatedly was notified of his failure, repeatedly was adjudicated to be in violation of these laws, repeatedly was notified that he was having fines levied against him in accord with the Ohio Revised Code, and that he repeatedly ignored the situation. The notices of his fines clearly informed him that his fines increased each day he failed to file the required campaign finance reports.
 {¶ 10} We find Blomquist's conduct an egregious disregard of Ohio's campaign finance laws. Blomquist failed to follow the law with regard to campaign finance until the Ohio Attorney General's Office began forcing him to pay some of the $172,000 he owed.
 {¶ 11} A court can overturn a decision of the Ohio Elections Commission via an R.C. 119.12 appeal only if the decision is not supported by reliable, probative and substantial evidence or is not in accordance with law. Ohio Democratic Party v. Ohio Elections Comm., Franklin App. No. 07AP-876, 2008-Ohio-4256, at ¶ 9. Blomquist's failure to file the required reports and comply with campaign finance laws is not in question, either from a factual or from a legal standpoint.
 {¶ 12} The questions to be addressed on behalf of Blomquist in the common pleas court were set forth in two contentions of error by Blomquist's counsel:
 I. THE OHIO ELECTIONS COMMISSION VIOLATED THE DUE PROCESS RIGHTS OF BLOOMQUIST [sic] AND THE COMMITTEE TO ELECT BLOOMQUIST [sic] BY IMPOSING A FINE UPON HIM FOR THE ALLEGED VIOLATION OF A STATUTE, EVEN THOUGH THE COMMISSION IS NOT JUDICIAL BODY AND BLOOMQUIST [sic] AND THE COMMITTEE WERE NOT AFFORDED THEIR PROCEDURAL RIGHTS AND A DETERMINATION BY A JURY.
 II. THE FINE IMPOSED UPON BLOOMQUIST [sic] AND THE COMMITTEE WAS WHOLLY DISPROPORTIONATE *Page 5 
TO THE ALLEGED VIOLATION, AND VIOLATES THEIR SUBSTANTIVE DUE PROCESS RIGHTS AS FOUND IN THE EXCESS FINE CLAUSES OF BOTH THE UNITED STATES AND OHIO CONSTITUTIONS AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 {¶ 13} As to the first contention of error in common pleas, Blomquist had an opportunity to attend the hearings at which he was found to have violated campaign finance laws. He did not attend or have counsel attend on his behalf.
 {¶ 14} Blomquist had the opportunity to pursue an R.C. 119.12 appeal following each adjudication. He did nothing.
 {¶ 15} Blomquist had the opportunity to present arguments that the Ohio Elections Commission could not fine him because the commission is not a "judicial body" or because the commission does not use "a determination by a jury." Those arguments were not raised previously when the commission adjudicated the myriad of violations, nor do the arguments have merit. The Supreme Court of Ohio has interpreted Ohio election statutes as vesting the commission with exclusive original jurisdiction over claims involving violations of R.C. 3517.08, 3517.11
and 3517.13. State ex rel. Ohio Democratic Party v. Blackwell,111 Ohio St.3d 246, 2006-Ohio-5202.
 {¶ 16} The first contention has no merit. The trial court found similarly.
 {¶ 17} The second contention argues that the fines imposed were "wholly disproportionate to the alleged violation" and violated "substantial due process rights as found in the excess fine clause of both the United States and Ohio Constitutions and theFourteenth Amendment to the United States Constitution."
 {¶ 18} The trial court acknowledged that all the case law has upheld Ohio's statutory framework for regulations campaign finance reporting and that the fines *Page 6 
imposed upon Blomquist were in accord with that statutory framework. SeeGardner v. City of Columbus (C.A.6, 1988), 841 F.2d 1272. Despite this acknowledgment, the trial court found the fines excessive, even after the approximately 75 percent reduction.
 {¶ 19} The trial court noted that Blomquist's acts were all acts of omission. The acts were more than merely acts of omission. Blomquist simply refused to abide by the applicable law for many years, despite repeated notices and repeated hearings adjudicating him to be in violation of the law.
 {¶ 20} The trial court noted that Blomquist did not lie to anyone or mislead anyone. Lying would have indicated that Blomquist thought the illegal conduct was worthy of his attention. His utter refusal to address his illegal conduct or the adjudication of illegal conduct strongly suggests that he did not think the matter was worthy of his attention.
 {¶ 21} The trial court indicated that the amount of the penalty was significantly greater than that normally levied by the Ohio Elections Commission. The trial court had no evidentiary basis for this finding. Further, the fines did not start out large. They became large because Blomquist ignored the daily penalties which were accruing. He ignored them for years.
 {¶ 22} The trial court compared Blomquist's accrued fines to what he thought he knew about a case involving a central Ohio legislator. No evidence regarding this other case was before the court. R.C. 119.12
states that "[u]nless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency." Cases are to be decided based upon the law and the facts presented to the court. *Page 7 
 {¶ 23} The right of the courts to review the penalties assessed by administrative agencies has been narrowly limited by the Supreme Court of Ohio in Henry's Cafe, Inc. v. Board of Liquor Control (1959), 170 Ohio St. 233. The Supreme Court of Ohio has had numerous opportunities to revisit Henry's Café during the almost 50 years since the case was decided. The syllabus for Henry's Café, at paragraph three, reads:
 On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion.
 {¶ 24} Since the fines imposed were within the statutory framework of Ohio elections law, we read Henry's Café as giving us no choice but to reinstate the fine of $44,200 assessed by the Ohio Elections Commission.
 {¶ 25} The first and second assignments of error are sustained.
 {¶ 26} We do not find that the common pleas court lacked subject matter jurisdiction over an R.C. 119.12 appeal, even though the fines were already in the coffers of the state of Ohio. R.C. 3517.157(D) provides that a party adversely affected by a final determination of the commission may appeal pursuant to R.C. 119.12.
 {¶ 27} The third assignment of error is overruled.
 {¶ 28} In summary, we sustain the first and second assignments of error. We overrule the third assignment of error. As a result, we vacate the judgment of the court of common pleas and remand the case for the court of common pleas to enter judgment affirming the fine of $44,200 assessed against Robert Blomquist and his committee.
Judgment reversed in part, affirmed in part, and remanded withinstructions.
 BROWN and SADLER, JJ., concur. *Page 1